# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Jose Isaac Arellano,

                 Plaintiff,

      v.

Michael Horvath, et al.,

                 Defendants.

Case No. 2:24-cv-02320-APG-BNW

**REPORT AND RECOMMENDATION**

This Court previously ordered Plaintiff to file an application to proceed *in forma pauperis* or pay the filing fee. ECF No. 3. He has not done so, despite another order from this Court directing him to comply. ECF No. 4. That order warned Plaintiff that failure to file an application to proceed *in forma pauperis* or pay the filing fee would result in a recommendation that his case be dismissed. *Id.* In addition, Plaintiff's mail has been returned as undeliverable. ECF Nos. 5 and 7. This Court ordered him to update his address, but he has not done so. ECF No. 6. Given Plaintiff's failure to comply with multiple court orders, this Court recommends that his case be dismissed without prejudice.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because Plaintiff has failed to: (1) file an application to proceed *in forma pauperis;* (2) pay the filing fee; and (3) update his address, despite numerous court orders directing him to do so, the only alternative is to enter another order directing Plaintiff to participate in his case. The circumstances here do not indicate that Plaintiff needs additional time nor is there evidence that he did not receive this Court's previous orders. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /

1    **IT IS THEREFORE RECOMMENDED that THIS ACTION BE DISMISSED** for

2  failure to comply with court orders.

3    **<u>NOTICE</u>**

4    This report and recommendation is submitted to the United States district judge assigned

5  to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

6  may file a written objection supported by points and authorities within fourteen days of being

7  served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

8  objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153,

9  1157 (9th Cir. 1991).

10

11    DATED: August 14, 2025

12    _____

13    BRENDA WEKSLER
     UNITED STATES MAGISTRATE JUDGE